UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

ARNIEL FAJARDO,
on his own behalf and others
similarly situated,

    Plaintiff,

v.

CARROLS RESTAURANT GROUP, INC.,
a Delaware corporation, POLLO
OPERATIONS, INC., a Florida corporation
d/b/a POLLO TROPICAL,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, ARNIEL FAJARDO, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, CARROLS RESTAURANT GROUP, INC., a Delaware corporation, and POLLO OPERATIONS, INC., a Florida corporation, d/b/a POLLO TROPICAL, and brings this action on behalf of himself and other current and former similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). On information and belief, Defendants own and operate over 70 stores in the United States operating under the name "Pollo Tropical." This case seeks certification of a collective action for all "Assistant Managers", however titled, who worked at any and all such locations owned, operated or controlled by Defendants on or after April, 2007.

2. Plaintiff, ARNIEL FAJARDO ("Plaintiff"), was an employee of Defendants, and performed his duties as an "Assistant Manager" with Defendants in Hillsborough County, Florida, which is within the jurisdiction of this Court.

3. Defendant, CARROLS RESTAURANT GROUP, INC. (hereinafter referred to as "CRG"), is a Delaware corporation with its principal place of business in Syracuse, New York. Defendant does business in the state of Florida through its subsidiary, POLLO OPERATIONS, INC.

4. Defendant, POLLO OPERATIONS, INC., d/b/a POLLO TROPICAL (hereinafter referred to as "POLLO OPERATIONS") is a Florida corporation, with its principal place of business in Miami, Florida, which is within the jurisdiction of this Court. Upon information and belief, POLLO OPERATIONS is a wholly-owned subsidiary of CRG.

5. Defendants, CRG and POLLO OPERATIONS, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated "Assistant Managers" at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

6. Alternatively, Defendants, CRG and POLLO OPERATIONS, are joint employers of Plaintiff and other similarly situated "Assistant Managers" because they are commonly controlled and not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the other similarly situated employees.

7. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b).

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and had an annual gross sales volume in excess of $500,000.00.

9. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendants, and in regard to Plaintiff and any other plaintiffs joining this lawsuit.

10. During Plaintiff's employment, he was employed as an "Assistant Manager" and was mis-classified as exempt from the overtime provisions of the FLSA.

11. Plaintiff's primary duties were of a non-exempt nature, and included, but were not limited to, preparing food, serving customers, and running the cash register.

12. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per week during one or more work weeks. Instead, Defendants only paid Plaintiff and the similarly situated employees with salaried wages, with no additional compensation for overtime hours worked.

13. Additionally, Defendants required its "Assistant Managers" to go through a training program during their employment, during which the Assistant Managers in training performed primarily non-exempt work. Defendants, however, failed to pay Plaintiff and the other similarly situated employees in training the overtime wages they were due while they were employed by Defendants in the non-exempt training position.

14. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-209, in that Plaintiff and other similarly situated employees performed services for Defendants for which no provisions were made by the Defendants to properly pay them for those hours worked in excess of forty (40) within a work week.

15. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendants.

16. Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

17. Plaintiff demands a jury trial.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION – ASSISTANT MANAGERS**

Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 16 above as if fully set forth herein.

18. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week during his employment with Defendants in the position of "Assistant Manager" within the three (3) year statute of limitations period dating back to April 2007.

19. All similarly situated employees of Defendants who worked in the position of "Assistant Manager" are similarly owed their overtime rate for each overtime hour they've worked and were not properly paid in one or more weeks on or after April 2007.

20. The additional persons who may become plaintiffs in this action are Defendants' employees who have worked in the position of "Assistant Manager" at any Pollo Tropical store and have worked in excess of Forty (40) hours during one or more work weeks on or after April, 2007 but did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

21. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and the "Assistant Managers" similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

22. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named

Plaintiff and the "Assistant Managers" similarly situated to him) are entitled to liquidated damages.

23. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover the attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiff, ARNIEL FAJARDO, and those similarly situated to him who have or will opt into this action, demand judgment against Defendant, CARROLS RESTAURANT GROUP, INC. and POLLO OPERATIONS, INC, jointly and severally, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, prejudgment interest and all other relief the Court deems just.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION –
## NON-EXEMPT TRAINING POSITION

Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 16 above.

24. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week during his employment with Defendants in the non-exempt training position within the three (3) year statute of limitations period dating back to April 2007.

25. All similarly situated employees of Defendants who worked uncompensated overtime hours while an assistant-manager-in-training, are similarly owed their overtime rate for each overtime hour they have worked and were not properly paid in one or more weeks on or

after April, 2007.

26. The other additional persons who may become Plaintiffs in this action are Defendants' employees who have worked in uncompensated overtime hours while an assistant-manager-in-training on or after April, 2007.

27. Defendants have knowingly and willfully failed to pay Plaintiff and the others who worked in the non-exempt training position at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

28. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and the assistant-managers-in-training who worked uncompensated overtime hours) have suffered damages plus incurred costs and reasonable attorneys' fees.

29. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and the similarly situated employees) are entitled to liquidated damages.

30. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff, ARNIEL FAJARDO, and those similarly situated to him who have or will opt into this action, demand judgment against Defendants, CARROLS RESTAURANT GROUP, INC. and POLLO OPERATIONS, INC, jointly and severally, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, prejudgment interest and all other relief the Court deems just.

Dated: April 8, 2010  
Boca Raton, Florida

Respectfully submitted,

_____
GREGG I. SHAVITZ (Fla. Bar No. 11398)
Email: gshavitz@shavitzlaw.com
CAMAR R. JONES (Fla. Bar No. 720291)
Email: cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff